UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1574 |
| | ) | |
| CITY OF ST. LOUIS, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Plaintiff has responded to defendants' motion to dismiss the third amended complaint.

ECF 101, 107, 108, 116.  Defendants will reply briefly.

**1.     This Court can properly consider the exhibits previously proffered by plaintiff's earlier complaints, as they are part of the record herein and should be part of the plausibility analysis required by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).**

Plaintiff argues that the Court should turn a blind eye to the exhibits injected into the

record by plaintiff, particularly the extensive portions of the record in the *Ahmad* case.  Plaintiff

cites to *Jones v. City of Cincinnati,* 521 F.3d 555 (6th Cir. 2008).  That case was decided before

*Iqbal.*  Defendants' position, quite simply, is that, in assessing whether plaintiff's latest amended

complaint states a claim negating qualified immunity depends on whether it has facial

plausibility.  In making that determination, this Court can consider alternative explanations for

alleged conduct, and, determining whether a complaint states a plausible claim for relief is "a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."  *Iqbal,* 556 U.S. at 679.

Surely the plausibility determination compels this Court to consider the entire record in assessing plaintiff's amended complaint. That record includes the exhibits heretofore proffered by plaintiff.

**2.      The effort to implead dozens of supervisory officers who admittedly had absolutely no contact with plaintiff and cannot be alleged to have been aware of plaintiff's arrest or of any unconstitutional mistreatment of plaintiff must fail.**

Defendants will not rehash their arguments concerning plaintiff's inadequate and implausible attempt to impose liability on some 50 supervisory officers who were at Tucker and Washington on September 17, 2017, when plaintiff was arrested. [1]   Instead, defendants call to the Court's attention the opinion in *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021). In that case, the Court (Perry, J.) recognized that a plaintiff may not implead scores of police officers on a theory of guilt by association, supported only by threadbare and formulaic allegations of violations of constitutional rights. While defendants take issue with portions of the opinion in *Street*, there can be little doubt that the dismissal of the officers who had no personal role in either the decision to arrest the crowd of which plaintiff was a part or in direct use of force on any arrestees, was eminently sound and should be adhered to by this Court. In this respect, *Street* is entirely consistent with *Quraishi v.*

---

[1] Plaintiff alleges that defendant Rossomanno pepper sprayed her after repeatedly telling her to leave the area near the intersection of Waterman and Washington on September 15, 2017, after demonstrations turned violent. ECF 101, ¶¶141-42, 153. Plaintiff does not allege any direct contact between her and any specific officer on September 17, 2017, except stating that defendant Rossomanno is listed as the arresting officer on her arrest slip. ECF 101, ¶, 55. The allegation that defendant Rossomanno is listed as the arresting officer on plaintiff's arrest slip is not an allegation of specific misconduct and certainly does not allege conduct so plainly violative of constitutional rights that he is not entitled to qualified immunity. *White v. Jackson*, 865 F.3d 1064 (8th Cir. 2017).

*St. Charles County,* 986 F.3d 831 (8th Cir. 2021):  a plaintiff must prove that each individual officer, by his own individual actions, has violated the Constitution, citing *Iqbal.*

**3.      The intracorporate conspiracy claim as alleged by plaintiff must fail on the basis of qualified immunity.**

The judges in this district are divided on the issue of the application of qualified immunity to a claim based on intracorporate conspiracy.  Compare *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021), with *Baude v. City of St. Louis*, 476 F. Supp. 3d 900, 916 (E.D. Mo. 2020).  If judges cannot agree about the state of the law, it is difficult to discern how police officers are supposed to know that what they are doing is a constitutional violation. Cf. *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011)(noting the government officer not plainly incompetent when eight appellate judges agreed with his view of the law in a case of first impression).  The conspiracy claims must be dismissed on the basis of qualified immunity (federal) and official immunity (state).

**4.      The state law claims of abuse of process and malicious prosecution, at a minimum, should be dismissed.**

Defendants adhere to their position that plaintiff's state law claims should be dismissed. Certainly in light of *Street v. O'Toole,* supra, plaintiff's claims of abuse of process and malicious prosecution should not survive.

**5.      The Court should decline to exercise supplemental jurisdiction over plaintiff's novel City Charter theory.**

Again, defendants call the Court's attention to *Street v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 U.S. Dist. LEXIS 31856 (E.D. Mo. Feb. 22, 2021).   In that case, the Court analyzed the plaintiff's novel City Charter theory and declined to exercise supplemental jurisdiction:  "This

Court is not the proper forum to litigate complex and unsettled questions of state law preemption

over obscure municipal ordinances."  LEXIS *41.

Conclusion

For the foregoing reasons, and the reasons stated in the defendants' prior memorandum,

all claims against the individual defendants in the latest amended complaint should be dismissed

with prejudice (or without prejudice as to count XI).

> Respectfully submitted,
> MICHAEL A. GARVIN
> CITY COUNSELOR
>> /s/ Robert H. Dierker
>> Robert H. Dierker 23671(MO)
>> Deputy City Counselor
>> dierkerr@stlouis-mo.gov
>> Brandon Laird 65564(MO)
>> Abby Duncan 67766(MO)
>> Associate City Counselors
>> Adriano Martinez 69214(MO)
>> Catherine A. Dierker 70025(MO)
>> Assistant City Counselors
>> 1200 Market St.
>> City Hall, Rm 314
>> St. Louis, MO 63103
>> 314-622-3361
>> Fax 314-622-4956

> ATTORNEYS FOR DEFENDANTS

4